IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CHARLES VERNON GRAY,<br><br>　　　　　　　　　Petitioner<br><br>VS.<br><br>STEVE ROBERTS, Warden,<br><br>　　　　　　　　　Respondent | NO.  3:09-CV-36 (CDL)<br><br>Proceeding Under 28 U.S.C. §2254<br>Before the U.S. Magistrate Judge |

## RECOMMENDATION

　　　　Petitioner CHARLES VERNON GRAY has filed a petition herein seeking federal habeas corpus relief.  Tab #1.  Respondent STEVE ROBERTS has filed a motion seeking to dismiss this petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Tab #11.  Petitioner GRAY has responded to the respondent's motion.  Tab #15.

### LEGAL STANDARD

　　　　The provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of–*

　　　　*(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

　　　　*(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

　　　　*(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*

　　　　*(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

FACTUAL AND PROCEDURAL HISTORY

Petitioner GRAY pled guilty in Hart County, Georgia on June 17, 2003, to felony murder, burglary, and seven (7) counts of aggravated assault. He was sentenced to life imprisonment plus twenty (20) years consecutive. Petitioner GRAY did not seek any direct appeal.

On June 8, 2007, petitioner GRAY filed a *state* habeas corpus petition in the Superior Court of Washington County, Georgia, challenging his Hart County convictions. Following a hearing held on October 4, 2007, the state habeas corpus court denied relief. This order was filed on February 21, 2008. Thereafter, on October 28, 2008, the Georgia Supreme Court denied petitioner GRAY's application for a certificate of probable cause to appeal. On December 16, 2008, his motion for reconsideration was also denied. On March 5, 2009, petitioner GRAY executed and submitted the instant federal petition. Respondent ROBERTS has filed a response and has moved to dismiss this petition as untimely under the AEDPA.

DISCUSSION

In his motion seeking dismissal, respondent ROBERTS contends that the petitioner GRAY's conviction became final on July 17, 2003, the date upon which the thirty (30) day period for filing a notice of appeal, pursuant to O.C.G.A. §5-6-38, from his guilty plea expired. Respondent next notes that the petitioner waited until June 8, 2007 to file his *state* habeas corpus petition. According to the undersigned's calculations, the time elapsed between these two dates is three (3) years, eleven (11) months, and twenty -two (22) days. As such, at the time the petitioner filed his *state* petition, there was no time left to toll under the AEDPA. Accordingly, respondent ROBERTS avers that the instant petition was untimely filed and should therefore be dismissed.

In his response to WARDEN ROBERTS's motion seeking dismissal, petitioner GRAY does not contest the time calculations. Instead, he claims that he "was not in his right mind to file a Federal habeas in one year." In addition, the petitioner argues that because of his trial counsel's failure to provide him with copies of transcripts and records despite repeated requests, he "had no way to fight put up an argument." Petitioner GRAY also exclaims that he "should be heard" so that he may show that counsel took advantage of him "before and after plea bargain at that critical time." He also raises a concern about the contents of the plea colloquy, noting that the trial judge failed to inquire about whether the petitioner was under the influence of alcohol or drugs at the time of the plea.

After a careful review of the petitioner's response, and in with regard to the timeliness issue of the instant petition, it appears that petitioner GRAY's argument is that the period of limitations should not apply in this case because (a) he did not have access to records needed to prepare a petition, and (b) his alleged mental condition somehow prevented him from timely filing. At the outset, the undersigned notes that these arguments appear incompatible. If, as indicated by the assertions contained in his response, petitioner GRAY had the ability, presence of mind, and resources to repeatedly prepare and submit requests for copies of records, his contention that a mental condition somehow prevented him from timely preparing and filing a habeas petition cannot be credited. This, in the opinion of the undersigned, is because the mental faculties needed to prepare and mail multiple written requests for records are largely the same as those needed to prepare and mail a form-based habeas corpus application. Moreover, while it may be true that writing a letter requesting records is less mentally taxing than completing and mailing a form-based habeas application, such a distinction is simply not sufficient in this instance.

3

As for petitioner GRAY's claim that he needed access to certain records before he could even prepare a habeas petition, this argument is also unavailing. This is because the petitioner was present during the events transcribed in the records and would, therefore, have at least a basic knowledge of the issues which he wished to raise. In light of this observation, petitioner GRAY could have filed a habeas corpus application wherein he put the court on notice of his need for assistance in procuring records. Once obtained, and with leave of the court, information contained in these records could be used by the petitioner to prepare and file any necessary amendments.

In view of and for the reasons set out above, the undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. As noted above, the time which elapsed between the petitioner's conviction becoming final and the filing of his state habeas corpus action totaled is three (3) years, eleven (11) months, and twenty -two (22) days. Thus, at the time the petitioner filed his *state* habeas petition, more than a year had passed since his conviction became final. Accordingly, the instant federal habeas petition is untimely and must be dismissed. IT IS RECOMMENDED that respondent's motion seeking dismissal be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 15th day of October, 2009

                                                            **CLAUDE W. HICKS, JR.**
                                                            **UNITED STATES MAGISTRATE JUDGE**